UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AIDAN A. SMITH,<br>     *Plaintiff*,<br>          *v.*<br>MICHAEL HOGAN, ET AL.,<br>     *Defendants.* | Civil No. 3:10-cv-1025 (JBA)<br><br>October 27, 2014 |

**RULING ON MOTION TO ALTER OR AMEND JUDGMENT**

This suit arises out of the University of Connecticut's discharge of its employee Plaintiff Aidan Smith. Plaintiff brought this action against officials and former officials of the University of Connecticut and of the State of Connecticut, as well as the University and the State, alleging that his termination violated the Rehabilitation Act and the Americans with Disabilities Act. Plaintiff further claimed that the University and State officials' conduct violated Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1988. Plaintiff additionally filed corresponding state law causes of action. This Court granted [Doc. # 30] Defendants' Motion [Doc. # 23] to Dismiss in its entirety on September 22, 2011.[1] Plaintiff now moves [Doc. # 35] to alter or amend the Court's judgment.[2] For the reasons that follow, Plaintiff's motion is DENIED.

---

[1] Judgment [Doc. # 31] entered the following day.

[2] Plaintiff filed two motions [Doc. ## 34 & 35] making similar claims on the same day. The Court will treat the first, titled Plaintiff's Motion [Doc. # 34] for an Indicative Ruling: Stay of Proceedings to Enforce a Judgment, as a motion for reconsideration, mooted by Plaintiff's subsequent filing of his more comprehensive Motion [Doc. # 35] to Alter or Amend a Judgment.

I.   **Legal Standard**

Motions for reconsideration require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)1.  The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478).  This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

II.  **Discussion**

Plaintiff argues that reconsideration is justified here because the Court erred in three significant ways.  First, Plaintiff alleges the Court failed to consider controlling authority with regard to the validity of Plaintiff's claims in his October 9, 2009 affidavit, attached as an exhibit to the Amended Complaint.  (Mot. to Alter/Amend at 8–10.)  Second, Plaintiff asserts the Court overlooked Supreme Court precedent in its analysis of Plaintiff's First Amendment claims.  (*Id.* at 10.)  Finally, Plaintiff claims the Court incorporated into its judgment facts unsupported by the record.  (*Id.* at 11.)  Each objection is discussed below.

A.     Plaintiff's October 9, 2009 Affidavit

Plaintiff argues that the Court erred in determining that his October 9, 2009 affidavit was not part of his Amended Complaint. (Mot. to Alter/Amend, at 8.) The affidavit, attached as an exhibit among 170 pages of exhibits, to Plaintiff's Amended Complaint, alleges that Plaintiff was fired due to the disability of anxiety. (Ex. C to Am. Compl. [Doc. # 16] at 12–15.) This allegation was neither explicitly referenced by nor incorporated into the Amended Complaint, which instead claimed that Plaintiff was terminated because of his bronchitis. (Am. Compl. ¶¶ 21, 28.) The Court concluded, pursuant to Federal Rule of Civil Procedure 10(c)[3], that the affidavit was not properly part of the complaint because it alleged "entire legal theories that appear nowhere on the face of the [complaint]." (Ruling [Doc. # 30] on Defs.' Mot. to Dismiss ("Ruling") at 8 (citing *United States v. Int'l Longshoremen's Assoc.*, 518 F. Supp. 2d 422, 461 (E.D.N.Y. 2007)).) Citing Western District of New York and Third Circuit precedent, the Court further found that affidavits are not "written instruments" within the meaning of Rule 10(c). (Ruling at 8 (citing *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F. Supp. 1108, 1115 (W.D.N.Y. 1996)) (citing *Rose v. Bartle*, 871 F. 2d 331, 340 n.3 (3d. Cir. 1989))).

Plaintiff claims that in making this finding, the Court overlooked several key sources of authority: (1) *Schnell v. City of Chicago*, 407 F.2d 1084 (7th Cir. 1969), which holds that affidavits are "written instruments" within the meaning of Rule 10(c); (2) *Cortec Indus., Inc. v. Sum Holding*, L.P., 949 F.2d 42, 47 (2d Cir. 1991), in which the court considered exhibits attached to a motion to dismiss to be part of the motion where the

---

[3] Rule 10(c) reads: "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."

3

defendants had notice of them; and (3) *Decker v. Massey-Ferguson*, Ltd., 681 F.2d 111, 113 (2d Cir. 1982), in which the court concludes that a publicly-filed document attached to a complaint is part of the complaint. (Mot. to Alter/Amend, at 8–9.)

The Court did not overlook these cases.[4]   There is a split among the circuits as to whether affidavits are written instruments.  For the reasons stated in the Ruling, the Court finds the decisions of other district courts in this circuit[5] and the Third Circuit[6] to be more persuasive than that of the Seventh Circuit.[7]   (*See* Ruling, at 8.)

As to *Cortec* and *Decker*, Plaintiff misunderstands the holdings of the cases. Neither case holds as Plaintiff appears to argue, that all publicly filed documents attached as exhibits become part of a complaint.  Rather, the focus of the court's inquiry in each case was on whether the opposing party could reasonably be deemed to have had notice of the exhibit in question.  *See Cortec*, 949 F. 2d at 48 ("A finding that plaintiff has had notice of documents used by defendant in a 12(b)(6) motion is significant since . . . the problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered[.]"); *Decker*, 681 F. 2d at 113.  In both cases, the court concluded that the exhibit at issue could properly be

---

[4] The Court actually cited two of them, *Schnell* and *Cortec*, explicitly. (*See* Ruling at 8.)  Although, as Defendant rightly observes, the Court's citation to *Schnell*, *see* Ruling at 8, is not the paragon of clarity, the Court did not, as Defendant asserts, misread *Schnell*. The Court cites *Murphy,* 946 F. Supp. at 1115, for the proposition that affidavits do not fall within the definition of "written instrument;" *Murphy* cites *Rose*, 871 F.2d at 340 n.3, and *Rose* cites *Schnell*, for the purposes of disagreeing with *Schnell*'s conclusion that affidavits are written instruments.

[5] *See Murphy*, 946 F. Supp. at 1115; *Int'l Longshoremen's Assoc.*, 518 F. Supp. 2d at 465–66.

[6] *See Rose*, 871 F. 2d at 1084.

[7] *Schnell*, 407 F.2d at 1085.

considered because it was integral to the moving party's claims, and therefore the opposing party could be deemed to be aware of its existence.  *See Cortec*, 949 F. 2d at 48 (permitting consideration of extraneous exhibits in a motion to dismiss where the plaintiffs "did not lack notice of those documents" and the documents "were integral" to the plaintiffs' complaint); *Decker*, 681 F. 2d, at 113 ("Because many of plaintiff's allegations of wrongdoing center upon [Defendant's annual report] which is in the record, we may properly refer to its contents.").

As explained in the Court's Ruling, that is not the case here.  (*See* Ruling at 7–9.)  Because the claim Plaintiff seeks to make was based on the exhibit, which was buried in 170 pages of exhibits, and neither the text of the amended complaint nor any reference in the complaint identified it, Defendant cannot be deemed to have had notice that the exhibit pertained to the allegations in the amended complaint, and it is therefore not properly considered part of the complaint. (*See id.* at 7).

### B.   Plaintiff's Standing to Bring His First Amendment Claims

In his Amended Complaint, Plaintiff argued that Defendant Harmon, a Connecticut FOIC hearing officer, violated Plaintiff's First Amendment rights by quashing his father's subpoenas.  (Am. Compl. ¶ 40.)  The Court ruled that because the alleged violation was of Plaintiff's father's rights rather than of Plaintiff's own rights, Plaintiff lacked standing to bring the claim.  (Ruling at 10.)  Plaintiff now argues that in its analysis of standing, the Court failed to consider Supreme Court precedent regarding standing for First Amendment claims. (Mot. to Alter/Amend at 10 (citing *Sec'y of State of Md. v. Joseph H. Munson Co., Inc.*, 467 U.S. 947, 957–58 (1984)).  Plaintiff cites *Munson* for the proposition that an individual whose own First Amendment rights are not

5

violated can nonetheless bring a facial challenge to an overbroad statute in order "to prevent the statute from chilling the First Amendment rights of other parties not before the court." *Id.* at 958.  In so doing, Plaintiff misconstrues the Supreme Court's holding in *Munson*.  Although it concluded that there was "no prudential reason not to allow [the plaintiff] to challenge the statute," it was explicit that the plaintiff still needed to "satisf[y] the [constitutional] requirement of 'injury in fact.'" *Id.*

The obstacle this Court identified to Plaintiff's First Amendment claims in the Ruling was constitutional in nature, not prudential.  Although "the Supreme Court has relaxed" prudential limitations "in a narrow class of First Amendment cases," "[t]his slender exception . . . does not affect the rigid constitutional requirement that plaintiffs must demonstrate an injury in fact to invoke a federal court's jurisdiction." *Bordell v. Gen. Elec. Co.*, 922 F. 2d 1057, 1061 (2d Cir. 1991).  Because Plaintiff has failed to assert an injury in fact, he lacks standing to assert his First Amendment claims.

### C. Facts Unsupported by the Record

Plaintiff's final objection is that the Court, in its Ruling, relied on facts not supported by the record.  (Mot. to Alter/Amend at 11.)  Plaintiff points to three facts upon which he claims the Court relied that are not part of the record: (1) "Dana McGee did not have authority to conduct an investigation"; (2) "all individuals [were not] carbon copied on ODE findings [sic] members of the University"; and (3) "Plaintiff's substantive due process claims were based on complying with Connecticut Health Codes."  (*Id.* (internal quotation marks omitted).)

Nowhere in the Ruling does the Court state that Dana McGee either had or lacked the authority to conduct an investigation.  Rather, the Court states merely that Plaintiff

6

failed to provide any support for his assertion in his opposition to Defendants'+ motion to dismiss that the ODE lacked the authority to investigate the issue of whether or not Plaintiff was discriminated against. (Ruling at 12.) Nor does the Court make any findings regarding which individuals were carbon-copied on the ODE's findings. In fact, the Court discusses the recipients of the ODE findings only once – quoting directly from Plaintiff's Amended Complaint. (Ruling at 12 (citing Am. Compl. ¶ 42).) Finally, the Court's statement that Plaintiff's substantive due process claims were based on complying with Connecticut Health Codes is a close paraphrase of Plaintiff's own description of his claim. (*See* Am. Comp. ¶ 31 ("The plaintiff's 14th Amendment and substantive due process liberty interest was violated when Defendant Pierce deprived him of his liberty to comply with Connecticut Health Codes for reasons that were not reasonably related to the police power . . . .").) Plaintiff has not shown that the Court improperly relied on facts not supported by the record.

### III.    Conclusion

For the foregoing reasons, Plaintiff's Motion [Doc. # 35] to Alter or Amend the Judgment is DENIED.

IT IS SO ORDERED.

   /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of October, 2014.